UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATALIE BORDONI and MARK BORDONI, | ) ) ) |
| PLAINTIFFS | ) ) |
| vs. | ) CAUSE NO. 3:18-CV-93 RLM ) |
| FOREST RIVER, INC., | ) ) |
| DEFENDANT | ) |

OPINION AND ORDER

Natalie and Mark Bordoni filed a complaint against Forest River, Inc. alleging that their Forest River RV was defective in violation of state and federal law. Forest River, Inc. moved for summary judgment on all claims, arguing that it didn't violate that parties' limited warranty and Forest River didn't have an opportunity to repair all of the RV's alleged defects. For the reasons set forth below, the court denies Forest River's motion.

I. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether

a genuine issue of material fact exists, we accept the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

## II. STATEMENT OF FACTS

Natalie and Mark Bordoni bought a 2017 Forest River XLR RV in Las Vegas, Nevada in December 2016. Forest River provided a one-year limited warranty on the RV as part of the terms of the sale. The Bordonis noticed defects in the RV before it was delivered into their possession, and they asked the dealership to repair them. The repairs were completed on December 16, 2016, but on December 21, the Bordonis took their RV back to the dealership for further repairs. They returned the RV to the dealership for repairs again in February, March, June, and July 2017. Still the Bordonis weren't satisfied the repairs, so Forest River picked the RV up in August and transferred it to its service center in Indiana.

Forest River returned the Bordonis' RV in October 2017 and extended the limited warranty one year to December 21, 2018. The Bordonis found new and existing defects when they received their vehicle, and they emailed Forest River pictures and descriptions of what they wanted fixed. Forest River told the

2

Bordonis to take the vehicle back to the dealership for repair. The Bordonis asked Forest River through their lawyer to take the RV back for a full refund in December 2017. Forest River declined, and this action was filed.

III. Discussion

The Bordonis bring three claims: (1) breach of express or implied warranty or contract; (2) violation of the Magnuson-Moss Warranty Act; and (3) violation of the Nevada Deceptive Trade Practices Act or the Indiana Deceptive Consumer Sales Act. Forest River argues it should be granted summary judgment on all three counts. The court has original jurisdiction over the plaintiffs' claim under the Magnuson-Moss Warranty Act and supplemental jurisdiction over their other claims, so the court's analysis begins with the federal claim.

*A. Breach of the Magnuson-Moss Warranty Act*

Under the Magnuson-Moss Warranty Act, a plaintiff may bring a state law claim for breach of written or implied warranty in federal court when the amount in controversy exceeds $50,000. Anderson v. Gulf Stream Coach, Inc., 662 F.3d 775, 780 (7th Cir. 2011) (*quoting* Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 522 (7th Cir. 2003)); Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004). The amount in controversy is calculated based on all the claims to be determined in the suit. 15 U.S.C. § 2310(d)(3)(B).

The plaintiffs allege in their complaint that the relief they seek on their state breach of warranty claim exceeds $50,000. To determine whether this is true, the court must first determine which state law applies. A federal court exercising supplemental jurisdiction applies the forum state's choice of law rules.

McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684 (7th Cir. 2014). Under Indiana law, "an action of breach of warranty may be either a contract action or a tort action, depending on the allegations of the complaint." Wright Bachman, Inc. v. Hodnett, 133 N.E.2d 713, 716 (Ind. 1956). The plaintiffs claim that Forest River breached "express and/or implied warranties and/or contract," so their claims sound in contract rather than tort law.

Indiana courts follow the Second Restatement of Conflicts for contract disputes, applying the law of the forum with the most intimate contacts with the facts. Nautilus Ins. Co. v. Reuter, 537 F.3d 733, 737 (7th Cir. 2008) (*quoting* Employers Ins. of Wausau v. Recticel Foam Corp., 716 N.E.2d 1015, 1024 (Ind. Ct. App. 1999)). That determination requires that the court consider "(a) the place of contracting; (b) the place of contract negotiation; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id. (*citing* Employers Ins. of Wausau, 716 N.E.2d at 1024; Eby v. York–Division, Borg–Warner, 455 N.E.2d 623, 626 (Ind. Ct. App. 1983); Restatement (Second) of Conflicts § 188 (1971)).

Both parties contend that Indiana law governs the plaintiffs' breach of warranty claim. The Bordonis bought their RV in Nevada, where they live and keep the vehicle, but Forest River, which built the RV and made decisions about what repairs were permitted under warranty, is located in Indiana. The service center where Forest River brought the RV for its last repair is also in Indiana. The court agrees with the parties that Indiana is the forum with the most intimate contacts with the facts.

4

Under Indiana law, a buyer can recover incidental and consequential damages for a breach of warranty of accepted goods. Ind. Code § 26-1-2-714(3). Consequential damages include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise." Ind. Code § 26-1-2-715(2)(a). The Bordonis say they bought their RV for $83,127.92, but according to their expert's report, its actual value was $71,127.92 less. These facts, when taken as true and viewed in the light most favorable to the plaintiffs, would allow a reasonable juror to conclude that the Bordonis are entitled to more than $50,000 in damages.

Forest River argues that any claim the plaintiffs make for consequential or incidental damages fails as a matter of law because the parties' limited warranty excluded consequential and incidental damages. A warranty limitation is enforceable unless it fails of its essential purpose. Ind. Code § 26-1-2-719(2)-(3); *see also* Skodras v. Gulf Stream Coach, Inc., 2010 U.S. Dist. LEXIS 2010, *16-*17 (N.D. Ind. Jan. 8, 2010) (*citing* Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc. 746 N.E.2d 941, 947-952 (Ind. 2001)). A liability limitation like the one at issue fails of its essential purpose if it's unconscionable. Rheem, 746 N.E.2d at 948. Neither party has addressed whether the liability limitation in this warranty failed of its essential purpose, so the court can't find on summary judgment that the provision is enforceable and prevents the plaintiffs from recovering damages.

Accordingly, the plaintiffs have alleged that the amount in controversy on their breach of warranty claim exceeds $50,000. These claimed damages are

enough to establish jurisdiction under the Magnuson-Moss Warranty Act, so the court doesn't need to inquire as to the plaintiffs' damages under their other claims.

The defendants argue that they are entitled to summary judgment on the plaintiffs' claim under the Magnuson-Moss Warrant Act because the underlying state law claims fail as a matter of law. For the reasons set forth below, the plaintiffs' state law breach of warranty claims survive the motion for summary judgment, so the claim under the Magnuson-Moss Warranty Act also survives.

*B. Breach of Express or Implied Warranty or Contract*

Forest River argues that the plaintiffs' claim for breach of express warranty fails under Indiana law because it didn't have notice and a reasonable opportunity to cure all of the defects the plaintiffs' expert identified in his expert report. Forest River cites Mathews v. REV Recreation Grp., Inc. for the proposition that under Indiana law, two repair attempts on any one defect is insufficient to constitute a reasonable opportunity to cure. 931 F.3d 619, 622 (7th Cir. 2019). But Mathews discusses Indiana lemon law, not the law on breach of warranty. Id. (*citing* Ind. Code § 24-5-13-15).

Under Indiana's commercial code, a buyer must notify the seller "within a reasonable time after he discovers" a breach of the parties' sales agreement. Ind. Code § 26-1-2-607(3)(a). Indiana courts have found the notice requirement is satisfied by the seller's actual knowledge of a nonconformity. Agrarian Grain Co. v. Meeker, 526 N.E.2d 1189, 1193 (Ind. Ct. App. 1988) ("[T]he notice required by IC 26–1–2–607(3)(a) is satisfied by the buyer's actual knowledge there are some problems with the goods.") (*citing* McClure Oil Corp. v. Murray Equip., Inc., 515

N.E.2d 546, 554 (Ind. Ct. App. 1987)). Few Indiana courts have addressed the opportunity to cure requirement. One court ruled that an opportunity to cure is only required if it is a written provision in the warranty, and another ruled that the effect of notice is to create an opportunity to cure. Anderson v. Gulf Stream Coach, Inc., 662 F.3d 775, 782 (7th Cir. 2011) (collecting cases).

Forest River and its authorized dealer made seven attempts to repair the Bordonis' RV in response to the plaintiff's complaints, and the RV was out of service for at least 140 days. Viewing these facts in the light most favorable to the Bordonis, a reasonable jury could conclude that Forest River had notice and a reasonable opportunity to cure the defects on the Bordonis' RV and failed to do so. Forest River isn't entitled to summary judgment on the breach of express warranty claim.

Forest River next argues that the plaintiffs can't succeed on a claim for breach of implied warranty because under the terms of the express warranty, the Bordonis had to bring any claim for breach of implied warranty within one year, and the plaintiffs' claim wasn't timely. The Bordonis counter that repair orders for their RV show that the defendant has been in breach of the implied warranty of merchantability from the time it sold them the RV. Further, they argue that whether Forest River's limit on implied warranties is conscionable is a question of fact.

The warranty at issue is a one-year limited warranty that says an action to enforce express or implied warranties must commence no later than 90 days after the express warranty period ends. The Bordonis bought their RV on December 10, 2016, and they filed this action on February 9, 2018, less than 90

7

days after the original one-year warranty expired. Further, by its own admission, the defendant extended the expiration of the limited warranty to December 21, 2018 after they repaired the RV in their service center. Based on these facts, a reasonable juror could conclude that the plaintiffs timely raised their breach of implied warranty claim. The defendant isn't entitled to summary judgment.

*C. Breach of State Consumer Sales Law*

Finally, the defendant argues that the plaintiffs' claim for a violation of the Nevada Deceptive Trade Practices Act or alternatively, the Indiana Deceptive Consumer Sales Act fail as a matter of law because the plaintiffs didn't properly plead those claims. The time for challenging the sufficiency of the complaint has long since passed. The defendant isn't entitled to summary judgment on this theory.

IV. CONCLUSION

Accordingly, the court DENIES the defendant's motion for summary judgment. [Doc. No. 34].

SO ORDERED.

ENTERED:   April 10, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court