UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATALIE BORDONI and<br>MARK BORDONI,<br><br>   PLAINTIFFS<br><br>      vs.<br><br>FOREST RIVER, INC.,<br><br>   DEFENDANT | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO. 3:18-CV-93 RLM<br>)<br>)<br>)<br>)<br>) |

OPINION AND ORDER

Natalie and Mark Bordoni brought this suit against Forest River, Inc. alleging breach of express or implied warranty or contract, violation of the Magnuson-Moss Warranty Act, and violation of state consumer protection law in conjunction with their purchase of a recreational vehicle. The court denied Forest River's motion for summary judgment. [Doc. No. 40]. Trial was continued due to the coronavirus pandemic.

The parties' motions in limine are now before the court. The motions raise an unusual and, in many respects, unnecessary number of issues: the plaintiffs raised seven and the defendant raised 25. The parties seek to resolve a laundry list of issues through their motions, and at times their arguments are cursory and conclusory. The court isn't "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." Nelson v. Napolitano, 657 F.3d 586, 590 (7th Cir. 2011).

For the reasons stated below, the court grants the motions in part and denies them in part. All of the court's rulings on the motions are preliminary. If

circumstances develop during trial such that any of the rulings need to be addressed, either party may request a sidebar or address it when the jury is out of the courtroom so the court can decide whether to reconsider its preliminary ruling.

The parties' motions to strike expert testimony are also before the court. For the following reasons, both motions are overruled.

Both parties raise issues of relevancy and the probative value of evidence. Evidence is relevant if it tends to make a fact more or less probable, or if "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Evidence of Settlement Negotiation.** Both parties ask the court to bar evidence of settlement discussions, (Pltfs' Motion – Issue 1; Def's Motion – Issue 3), and Federal Rule of Evidence 408 generally prohibits such evidence regardless of a court's ruling on a motion in limine. But the Bordonis also argue in their motion that the cure letter they sent Forest River on December 20, 2017, shouldn't be excluded under an order barring evidence of settlement discussions.

Conduct or statements made during compromise negotiations are inadmissible "to prove or disprove the validity or amount of a disputed claim or

2

to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408.

The Bordonis argue that the cure letter is admissible in its entirety because it's evidence that they submitted prior written legal notice of a defect under the written warranty, and it's evidence that Forest River had notice and an opportunity to cure as required under the Indiana Deceptive Consumer Sales Act. Forest River counters that it would agree to the submission of a redacted version of the letter into evidence rather than the entire document. It says that it doesn't dispute that it received notice of a defect under the warranty. The court agrees with Forest River that submission of the unredacted cure letter creates a risk of confusing the issues and unfair prejudice; since the letter would only be relevant to undisputed matters, those risks swamp the letter's little probable value. Fed. R. Evid. 403. Accordingly, the court denies the Bordonis' request to admit the cure letter unredacted into evidence, and grants both parties' requests to bar the evidence of settlement discussions.

**Improper Motives.** The plaintiffs ask the court to find that Forest River can't argue that plaintiffs or their attorneys have improper motives in bringing these claims. (Pltfs' Motion – Issue 2). Forest River responded that it doesn't oppose such a ruling, as long as it applies to the Bordonis as well. The court grants the motion with respect to both sides. Fed. R. Evid. 402-403.

**Counsel's Presence at Expert Inspections.** The Bordonis next ask the court to bar any evidence of their attorneys' attendance at the expert inspection. (Pltfs' Motion – Issue 3). Forest River again doesn't contest such a ruling as long as it's reciprocal. The court grants the motion. Fed. R. Evid. 402.

**Limitation on Duration of Implied Warranties.** The Bordonis ask the court to bar evidence that the warranty clause limiting the duration of implied warranties is enforceable. (Pltfs' Motion – Issue 5). They argue that the clause doesn't satisfy the requirements of the Magnuson-Moss Warranty Act because it doesn't contain clear and unmistakable language and isn't prominently displayed. 15 U.S.C. § 2308. The court disagrees. The warranty clearly states that all express and implied warranties of merchantability and fitness for a particular purpose are limited, and it says that Forest River disclaims all such warranties "after expiration of the warranty period." The disclaimer is also prominent: it's one of two paragraphs written in all capital letters on the one-page warranty. The limitation satisfies the statutory requirements, so the court denies the motion in limine.

**Incidental and Consequential Damages.** The Bordonis ask the court to bar evidence that the warranty clause limiting incidental and consequential damages is enforceable. Forest River argues that the clause is enforceable and asks the court to bar evidence of incidental and consequential damages. (Pltfs' Motion – Issue 6, Def's Motion – Issue 1).

The Bordonis argue that the express clause in the warranty limiting incidental and consequential damages is unconscionable because Forest River drafted it, the language was inconspicuous, and there was a disparity in bargaining power between Forest River and the Bordonis. They also argue that the clause is void because they were never provided a copy of the warranty.

"Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." Ind. Code § 26-1-2-719(3). "[U]nconscionability

4

is determined by a court as a matter of law." Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc., 746 N.E.2d 941, 948 (Ind. 2001). The Bordonis first argue that the warranty clause is unconscionable because Forest River had greater power in drafting and bargaining for the agreement. "[A] standardized contract is not unenforceable merely because of the unequal bargaining power of the parties." Pinnacle Computer Servs., Inc. v. Ameritech Pub., Inc., 642 N.E.2d 1011, 1016 (Ind. Ct. App. 1994). To succeed on their argument, the Bordonis must show that there was such a disparity between them and Forest River that they entered the agreement "unwillingly and unaware of its terms," and it was an agreement no sensible person would make and no honest or fair person would accept. Id. at 1016-1017; McAdams v. Foxcliff Estates Cmty. Ass'n, Inc., 92 N.E.3d 1144, 1150 (Ind. Ct. App. 2018). The Bordonis haven't met this burden. They entered an agreement with Forest River to purchase an RV willingly, and the terms are such that an honest or fair person would accept them. The relevant inquiry when determining whether a contract was entered knowingly and willingly is relative bargaining power, not conspicuousness, so the plaintiffs' argument that the clause was inconspicuous also fails. McAdams v. Foxcliff, 92 N.E.3d at 1151 (*citing* Weaver v. Am. Oil Co., 257 Ind. 458, 465, 276 N.E.2d 144, 148 (1971)).

Finally, the Bordonis argue that they weren't provided a copy of the warranty when the parties executed their agreement, so they didn't know the clause existed and couldn't have agreed to it. A plaintiff can't assert both that the warranty is unconscionable because she never received it and rely on the warranty when she wants repairs under its terms. Mathews v. REV Recreation

5

Grp., Inc., 931 F.3d 619, 623 (7th Cir. 2019). Accordingly, the clause limiting incidental and consequential damages is valid and the Bordonis' request is denied. Evidence of incidental or consequential damages is irrelevant and prejudicial, Fed. R. Evid. 402-403, so Forest River's request to bar such evidence is granted.

**Indemnification.** The Bordonis ask the court to hold that the defendants may not make an argument about offsetting damages because of payments from third parties. (Pltfs' Motion – Issue 7). The court asked the parties at the final pretrial conference to confer on any potential indemnification arguments, so the court defers ruling on this issue until further report from the parties.

**Evidence of Defects.** Forest River raises five issues related to evidence of defects. It asks the court to bar any reference to defects that it never received any opportunity to repair and any issues it didn't receive a reasonable opportunity to cure. (Def's Motion – Issues 2 and 25). It also asks the court to bar evidence of any alleged design defects, defects not covered in the warranty, or repairs performed on the RV before the warranty began or after it expired. (Def's Motion – Issues 5, 9, and 24).

The probative value of evidence of defects that Forest River never received an opportunity to repair is substantially outweighed by the risk of confusing the issues and unfair prejudice to Forest River. Fed. R. Evid. 403. Its request in Issue 2 is granted.

Forest River defines a reasonable opportunity to repair as at least two repair attempts and asks the court to bar evidence of any defect they didn't get a chance to repair at least twice. The court found in its summary judgment ruling

6

that a reasonable juror could conclude that Forest River had a reasonable opportunity to repair the Bordonis' RV. The limited warranty that covers the Bordonis' RV says, "Warrantor shall remedy the defect *within a reasonable amount of time* after appointment and delivery by Purchaser" (emphasis added). Whether Forest River had a reasonable opportunity to repair the defects in the Bordonis' RV is a question for the jury, so its request in Issue 25 is denied.

Evidence of repairs performed before the warranty went into effect are relevant to the plaintiffs' breach of warranty and consumer protection statute claims. Fed. R. Evid. 401. Evidence of repairs performed after the warranty expired and that are unrelated to complaints made during the warranty period are irrelevant. Fed. R. Evid. 402. Accordingly, Forest River's request in Issue 24 is granted only as to evidence of repairs performed after the warranty expired that are unrelated to complains made during the warranty period.

The court agrees that evidence of defective component parts not covered by the warranty is irrelevant, so the request in Issue 9 is granted. Fed. R. Evid. 402.

Finally, the defendants haven't cited any precedential authority to support the proposition at Issue 5 that design defects should be excluded, nor have they identified the evidence they seek to exclude under this motion. The court doesn't have enough information to rule on the request, so it's denied.

**Conscionability of Warranty.** Forest River asks the court to find the terms and conditions of its warranty conscionable as a matter of law. (Def's Motion – Issue 4). Such a request should have been raised at the summary judgment stage, which has since passed, so the request is denied.

**Lay Witness Testimony re: Value of RV.** Next, Forest River seeks to bar testimony from lay witnesses, including the plaintiffs, about the value of the RV. (Def's Motion – Issue 6). The owner of property can testify as to the value of his property. Cunningham v. Masterwear Corp., 569 F.3d 673, 675-676 (7th Cir. 2009). The court denies the motion to prohibit such testimony by the owners of the RV.

**Undisclosed Evidence, Testimony, or Witnesses.** Forest River asks the court to bar the presentation of undisclosed testimony, evidence, or witnesses. (Def's Motion – Issues 7 and 8). The court generally agrees that a party may be barred from presenting information that was known to the party but not disclosed, Fed. R. Civ. P. 37(c), but the defendants haven't identified any undisclosed evidence they anticipate the plaintiffs will offer. The court doesn't have enough information to grant Forest River's request at this time. The parties can seek to exclude such information if facts develop during trial to suggest that information was known but not disclosed.

**Expert Opinions.** The Bordonis ask the court to limit the testimony of defendant's expert Paul Pierce to only those opinions that were properly disclosed under Fed. R. Civ. P. 26. (Pltfs' Motion – Issue 4). Specifically, they argue that Mr. Pierce can't testify as to whether their RV's defects were repaired in a reasonable amount of time or number of attempts because he didn't include analysis on those topics in his expert report. Forest River asks the court to bar undisclosed opinions from plaintiffs' expert Dennis Bailey. (Def's Motion – Issue 15). As noted in the preceding section, the court recognizes its obligation to exclude undisclosed material that was required to be disclosed. See Fed. R. Civ.

P. 37(c). Neither side has identified any undisclosed opinions to which an order in limine might apply, so the court denies their motions to the extent they are directed to undisclosed expert opinions. In-trial objections will provide the parties with ample protection.

Forest River also asks the court to bar Dennis Bailey's expert testimony, (Def's Motion – Issue 14), a request also before the court in Forest River's motion to strike Dennis Bailey's expert testimony. [Doc. No. 49]. Mr. Bailey is the Bordonis' anticipated expert witness.

> Federal Rule of Evidence 702 and *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)] govern the admissibility of expert testimony. Under this framework, a trial judge, as a gatekeeping matter, is responsible for ensuring that proposed expert testimony "is not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786. In assessing reliability, "the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions." *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).
> Although reliability must be assessed case by case, Daubert identified a non-exhaustive list of factors to aid the analysis. Relevant considerations include not only whether the expert's theory "can be (and has been) tested," but also whether it has been "subjected to peer review and publication." 509 U.S. at 593, 113 S.Ct. 2786. Other potential considerations include "the known or potential rate of error" and whether the theory or technique has achieved "general acceptance" in the relevant expert community. *Id.* at 594–95, 113 S.Ct. 2786. No one factor is dispositive, however, and "the Supreme Court has repeatedly emphasized [that] the Rule 702 test is a flexible one." *Smith*, 215 F.3d at 719. The Court has likewise underscored that the correct inquiry focuses not on "the ultimate correctness of the expert's conclusions," but rather on "the soundness and care with which the expert arrived at her opinion." *Schultz v. Akzo Nobel Paints*, LLC, 721 F.3d 426, 431 (7th Cir. 2013) (citing *Daubert*, 509 U.S. at 595, 113 S.Ct. 2786).

<u>Timm v. Goodyear Dunlop Tires North America Ltd.</u>, 932 F.3d 986, 993 (7th Cir. 2019). The party offering the expert testimony must demonstrate reliability by a

preponderance of the evidence. Varlen Corp. v. Liberty Mut. Ins. Co., 924 F.3d 456, 459 (7th Cir. 2019).

Forest River cites two perceived defects in the opinions set forth in Mr. Bailey's expert report. First, Forest River identifies several potentially significant matters that Mr. Bailey didn't report having considered. But it puts forth no evidence to support its implicit assertion that an opinion is unreliable if it fails to account for those things. *See, e.g.*, Walters v. United States, 2019 WL 6606860, at *2 (N.D. Ind. Dec. 5, 2019) ("Plaintiff points to several reasons why the estimate could have been higher if Dr. Reynolds had weighed certain factors differently, but ultimately does not show that his methodology is 'unreliable' or that it must be excluded rather than addressed with contrary evidence and argument."). Ultimately, these are matters for cross-examination, contradiction and credibility assessment.

Second, in explaining his methodology, Mr. Bailey provided a non-exclusive list of 21 factors that went into his opinion with respect to each defect he identified, but indicated that he probably applied fewer than all factors to each defect. Forest River cries foul because nobody can tell from the report which factors contributed to any particular opinion. Forest River points to a case decided by this court, Castagna v. Newmar Corp., 2020 WL 525936 (N.D. Ind., Feb. 3, 2020), as an example of an expert's report being excluded for this reason. The Castagna court noted that similar opinions by the same expert had been allowed in other cases in this court, but that those cases didn't involve an RV that had been destroyed by fire.

10

This record contains something apparently not before the Castagna court: a summary judgment affidavit in which Mr. Bailey attests – with no contradiction in this record – that the methodology he used is standard within his field, is generally employed by RV appraisers in the industry, and has been peer reviewed by sales and service people throughout the RV industry. This is the finding *Daubert* and Rule 702 demand: that the witness employ "in the courtroom the same level of intellectual rigor that characterizes the practice of [the] expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

The court overrules Forest River's motion to strike and motion in limine to preclude Dennis Bailey's testimony.

The Bordonis have filed a motion to exclude the testimony of Forest River's expert witness, Paul Pierce [Doc. No. 52]. Mr. Pierce would offer an opinion of the Bordonis' RV's fair market value at the time he inspected, rather than when the Bordonis accepted it. The date of acceptance is the date used for calculation of damages. Forest River argues that the evidence at trial might include special circumstance that would warrant a different measure of damages. *See* Ind. Code 26-1-2-714(2). The court needn't wade through hypothetical trial records at this stage, because while Mr. Pierce's opinion might not be sufficient by itself to prove the vehicle's fair market value at acceptance, it may be probative of the value as of that date. Mr. Pierce inspected the RV about a year and a half after delivery. Knowledge of the RV's fair market value then, with evidence of subsequent repairs, would help the trier of fact approximate its value at delivery.

The court overrules the Bordinis' motion to strike and motion in limine to preclude Paul Pierce's testimony.

**Findlay RV.** Forest River asks the court to bar evidence or testimony that Findlay RV is an agent of Forest River and to bar the admission of Findlay RV repair sheets.  (Def's Motion- Issues 10 and 13).

Whether an agency relationship existed is generally a question of fact for the jury unless the court can only draw one conclusion from the undisputed facts. Williams v. Office of Chief Judge of Cook Cty. Illinois, 839 F.3d 617, 624 (7th Cir. 2016). Forest River argues in its trial brief and motions in limine that there isn't any evidence that Forest River consented to an agency relationship with Findlay RV, so none of the repairs Findlay performed on the Bordonis' RV can be presented as evidence of a reasonable opportunity to cure or repair. The Bordonis counter that Forest River authorized Findlay's repairs under the warranty's express terms: "[I]t is recommended that all warranty service be performed by the authorized dealer from whom you purchased your unit." It also says, "Warranty service shall, whenever possible, be scheduled with the selling dealer by an appointment in order to avoid possible delays." The Bordonis also cite deposition testimony from a Forest River employee who testified that Findlay RV is a Forest River authorized dealer.  Accordingly, whether Findlay was Forest River's agent for the purpose of performing warranty repairs is a question of fact to be resolved at trial, and Forest River's request in Issue 10 is denied.

Forest River argues that Findlay's repair sheets are inadmissible hearsay and irrelevant. The repair sheets fall under the business records hearsay exception, Fed. R. Evid. 803(6), and they're relevant to the dispute just described about whether Findlay's repairs were authorized under the warranty. Forest River's request to bar admission of the repair sheets is denied.

**Revocation of Acceptance.** Forest River seeks to bar any evidence that the Bordonis revoked acceptance of the RV. (Def's Motion – Issue 11). They argue that the remedy of revocation of acceptance and a full refund isn't available under Indiana law or the Magnuson-Moss Warranty Act. The plaintiffs concede that they aren't entitled to rescission or revocation. They argue that they might be entitled to the full purchase price of the RV as damages, but it's not clear why they would need introduce evidence of revocation to obtain such damages. Evidence of revocation is irrelevant and prejudicial, so the request is granted. Fed. R. Evid. 402.

**Evidence of Other Lawsuits.** Forest River argues that evidence of other lawsuits, complaints, or claims against it should be excluded under Fed. R. Evid. 403 because such evidence presents a risk of prejudice or inflaming the jury. (Def's Motion – Issue 12). The Bordonis respond that they don't intend to raise any evidence of other actions or complaints against Forest River.

The court can't grant Forest River's motion without more information about the specific evidence it seeks to bar, so the motion is denied.

**Evidence of Receipt of Warranty.** Forest River asks the court to bar the admission of evidence that the Bordonis didn't receive a written copy of the warranty. (Def's Motion – Issue 16). Forest River argues that such evidence isn't dispositive of any of the Bordonis' claims, so it would be prejudicial and irrelevant. Whether the Bordonis received a copy of the warranty is relevant to their claim under the Indiana Deceptive Consumer Sales Act, Fed. R. Evid. 401, and (while this could change at trial) the probative value of any such evidence

outweighs the risk of prejudice to Forest River. Fed. R. Evid. 403. Accordingly, the request is denied.

**Fees, Corporate Relationship, Deep Pockets.** Forest River asks the court to bar the plaintiffs from presenting evidence or testimony about attorneys' fees; its corporate ownership and relationship to Berkshire Hathaway; and any argument about its wealth or "deep pockets." (Def's Motion – Issues 17, 18, and 19).

The Bordonis agree that the court should bar arguments as to attorneys' fees. Such evidence would be irrelevant, so the request raised in Issue 17 is granted. Next, the Bordonis argue that they don't intend to introduce evidence of Forest River's corporate ownership, nor the existence of a "deep pocket" to pay damages to the plaintiffs, so both issues are moot. The court agrees that neither type of evidence is relevant to the plaintiffs' claims, so both requests are granted. Fed. R. Evid. 402.

**Discovery Deficiencies or Spoliation.** Forest River asks the court to bar evidence that it failed to produce evidence during discovery or that the evidence it did produce was insufficient. (Def's Motion – Issue 20). It hasn't identified any evidence the Bordonis might introduce or arguments they might make bout spoliation of evidence or other insufficient discovery, and the Bordonis respond that they don't intend to raise such an argument. The court doesn't have enough information to grant the request at this time.

**Unpleaded Theories of Liability.** The defendant asks the court to cite evidence or testimony regarding unplead theories of liability. (Def's Motion –

Issue 21). But it doesn't identify the theories or evidence it wants to exclude, so the court doesn't have enough information to grant its request at this time.

**"Sending A Message."** Forest River asks the court to bar the Bordonis from making an argument to the jury that it should "send a message" to Forest River with its verdict. (Def's Motion – Issue 22). Courts have permitted "send a message" arguments depending on the type of claims and arguments raised. *See, e.g.*, Jones v. City of Chicago, No. 14-CV-4023, 2017 WL 413613, at *5 (N.D. Ill. Jan. 31, 2017); Betts v. City of Chicago, Ill., 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011). But Forest River hasn't identified in what context the Bordonis might raise such an argument, and the Bordonis say they don't intend to encourage the jury to "send a message." Accordingly, the court doesn't have enough information to grant Forest River's request in Issue 22 at this time.

**Choice of Law Issue on Consumer Protection Claim.** Last, Forest River asks the court to find that Nevada law applies to the plaintiffs' consumer protection claim. (Def's Motion – Issue 23). The plaintiffs brought their claim under the Nevada Deceptive Trade Practices Act, or in the alternative, under the Indiana Deceptive Consumer Sales Act. A federal court exercising supplemental jurisdiction applies the forum state's choice of law rules. McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684 (7th Cir. 2014). But "[i]f the difference between the state laws is illusory and no conflict exists, our inquiry ends and we apply the law of the forum state." Nelson v. Sandoz Pharm. Corp., 288 F.3d 954, 963 (7th Cir. 2002).

Indiana law provides manufacturers an opportunity to cure, Ind. Code. § 24-5-.05-4(j), while the Nevada Deceptive Trade Practices Act doesn't. *See* Nev.

15

Rev. Stat. § 598.0903 *et seq*. The difference between these provisions may affect the outcome of the litigation, so the court must decide whether Indiana or Nevada law applies.

Indiana treats a consumer protection claim as tort and "applies the substantive laws of the 'the state where the last event necessary to make an actor liable for the alleged wrong takes place.'" Simon v. United States, 805 N.E.2d 798, 805 (Ind. 2004) (*quoting* Hubbard Mfg. Co. v. Greeson, 515 N.E.2d 1071, 1073 (Ind. 1987)); *see also* Andersen v. Thor Motor Coach, Inc., 402 F. Supp. 3d 467, 482 (N.D. Ind. 2019). The plaintiffs' claim under the Deceptive Consumer Sales Act is based on Forest River's alleged failure to repair their RV under the terms of the warranty. Their claim rests on Forest River's failure to provide them with an RV that satisfied the terms of their transaction. Forest River's final repair attempt before the Bordonis demanded a full refund took place in Indiana. Accordingly, Indiana law applies, and Forest River's request in Issue 23 is denied.

## Conclusion

For the foregoing reasons, the parties' motions in limine are granted in part and denied in part. Plaintiffs' motion in limine [Doc. No. 67] is GRANTED with respect to issues 1, 2, and 3, subject to the limitations outlined in the order, and DENIED in all other respects. The defendant's motion in limine [Doc. No. 69] is GRANTED with respect to issues 1, 2, 3, 6, 9, 11, 17, 18, 19, and 24, subject to the limitations outlined in the order, and DENIED in all other respects. The defendant's motion to strike expert Dennis Bailey's opinions [Doc. No. 49]

and the plaintiffs' motion to strike expert Paul Pierce's testimony [Doc. No. 52] are OVERRULED.

SO ORDERED.

ENTERED:   November 30, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court